UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| In re:  DONNA S. VASQUEZ | * | Case No.: 07-50081-JSD |
| Debtor | * | |
| | * | Chapter: 13 |
| M. ELAINA MASSEY | * | |
| Trustee | * | |

## BENCH BRIEF

Comes now, the Georgia Department of Humans Resources, by and through the Office of Child Support Services for the Waycross Judicial Circuit, and at the request of this Honorable Court, hereby submits this Bench Brief in support of the Department's position in the above referenced matter.

## STATEMENT OF FACTS

On or about February 7, 2007, the Debtor above named filed a Chapter 13 Bankruptcy Petition (Debtor's Motion to Stop Income Deduction Order of Child Support ¶ 1, hereinafter referred to as "D. M."). The Debtor, on behalf of the Office of Child Support Services for the Waycross Judicial Circuit, filed a proof of claim for child support on April 11, 2007, in the amount of $21,000.00 (D. M. ¶ 2). The Office of Child Support Services has not filed an objection to said proof of claim (D. M. ¶ 3). The Office of Child Support Services continues to withhold the Debtor's wages, for the payment of his domestic support obligations, pursuant to an income deduction order (D. M.¶5).

## PROCEDURAL HISTORY

On or about June 26, 2007, the Debtor filed a Motion, in the above referenced matter, denominated as "Motion to Stop the Income Deduction Order of Child Support". Said matter came on to be heard before this Honorable Court on July 24, 2007. After receiving evidence from both parties, the Court requested that the parties submit bench briefs outlining their respective legal positions. This brief is being filed in compliance with the dictates of this Court's request.

## QUESTIONS PRESENTED

### I

WHETHER OR NOT OR NOT 11 U.S.C. §362(B)(2)(C) PROVIDES FOR POST PETITION COLLECTION OF DOMESTIC SUPPORT OBLIGATIONS THROUGH INCOME DEDUCTION ORDERS OR WHETHER SUCH ORDERS VIOLATE THE AUTOMATIC STAY?

### II

WHETHER OR NOT 11 U.S.C. §1327 OPERATES TO INVALIDATE AN INCOME DEDUCTION ORDER PERMITTED PURSUANT TO 11 U.S.C. § 362(B)(2)(C)?

## ARGUMENT AND CITATION OF AUTHORITY

### I

INCOME DEDUCTION ORDERS MAINTAINED PURSUANT TO 11 U.S.C. § 362(B)(2)(C) DO NOT VIOLATE THE PROVISIONS OF THE AUTOMATIC STAY.

The Debtor asserts that the continued withholding of his income to pay his outstanding domestic support obligations violates 11 U.S.C. § 362. However, the withholding of the Debtor's income to pay his domestic support obligation does not violate the automatic stay. The withholding fits squarely within an express exception to the automatic stay. 11 U.S.C. § 362(b) provides in pertinent part that:

> The filing of a petition under section 301, 320, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, <u>does not operate as a stay</u>--...
>   (2) under subsection (a)--...
>     (C) with respect to the <u>withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation</u> under a judicial or administrative order or a statute; (Emphasis supplied)

The income deduction orders in question are administrative orders, O.C.G.A.§19-6-32(a)(2). Said orders are for the purpose of paying a "domestic support" obligation as

defined by 11 U.S.C. §101(14A). Pursuant to said section, domestic support obligations are defined to include a child support "debt that accrues before, on, or after the date of the order for relief."

## II

### 11 U.S.C. §1327 DOES NOT OPERATE TO INVALIDATE AN INCOME DEDUCTION ORDER PERMITTED UNDER 11 U.S.C. §362(B)(2)(C).

Where the language of the statute is plain, the sole function of the Court is to enforce it according to its terms. <u>United States. v. Ron Pair Enterprises, Inc.</u>, 489 US 235, 241 (1989). Nothing in the express language of 11 U.S.C. § 1327 operates to invalidate or limit the terms of 11 U.S.C. § 362(b)(2)(c). In addition, nothing in the express language of 11 U.S.C. § 362(b)(2)(c) lists section 1327 as an exception to, or limitation on, the provisions set forth therein.

As this Court is well aware, statutes are to be construed in pari materia and as being internally and externally consistent, unless the express terms provide otherwise. The statutes in question are designed to effectuate different legislative purposes and can be construed as consistent rather than inapposite to one another. Had the legislature intended to condition the provisions of § 362, by and through § 1327, it certainly could have done so.

## **CONCLUSIONS**

For the reasons as set forth above, the withholding of the debtor's income to make payments on her outstanding domestic support obligations does not violate the automatic stay. Moreover, for the reasons as set forth above, 11 U.S.C. § 1327, does not operate to invalidate an income deduction order permitted pursuant to 11 U.S.C. § 362(b)(2)(c). Therefore, the Debtor's motion to stop the income deduction order of the Office of Child Support Services should be denied.

Respectfully submitted this the __1st__ day of __August__, 2007.

THURBERT E. BAKER
Attorney General  033887

DENNIS R. DUNN 234098
Deputy Attorney General

SHALEN S. NELSON 626575
Senior Assistant Attorney General

MARK CICERO 125686
Assistant Attorney General

BY *[signature]*
JOHN STAGGS, Special
Assistant Attorney General
State Bar No.: 674010

Prepared For:
Child Support Services
215B Albany Avenue
Waycross, Georgia 31501

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| In re:  DONNA S. VASQUEZ | * | Case No.: 07-50081-JSD |
| Debtor | * | |
| | * | Chapter: 13 |
| M. ELAINA MASSEY | * | |
| Trustee | * | |

## CERTIFICATE OF SERVICE

I, John D. Staggs, Special Assistant Attorney General, do hereby certify that I have this day served a true and correct copy of the within and forgoing **Bench Brief** upon:

The Honorable John S. Dalis
Chief Judge, Southern District
Post Office Box 8347
Savannah, Georgia 31412

Mr. Clyde Wayne Royals
Attorney at Law
612 Tebeau Street
Waycross, Georgia 31501

M. Elaina Massey, Trustee
Post Office Box 1717
Brunswick, Georgia  31521

by U. S. Mail with sufficient postage affixed thereon to ensure delivery.

This ___1st___ day of August, 2007.

_____
John D. Staggs
Special Assistant Attorney General
Representing the Office of Child Support
Services, Waycross Judicial Circuit
State Bar No.: 674010

Child Support Services
215B Albany Avenue
Waycross, Georgia 31501

## JOHN D. STAGGS

ATTORNEY AT LAW
1000 CHURCH STREET
WAYCROSS, GEORGIA 31501
(912) 287-1800

August 1, 2007

Mr. Samuel L. Kay
Clerk of Southern District Bankruptcy Court
Post Office Box 8347
Savannah, GA  31412

      RE:    Bench Brief
               In Re: Donna Vasquez, Debtor
               Case No.: 07-50081-JSD

[RECEIVED 2007 AUG -2 AM 9:27 U.S. BANKRUPTCY COURT SAVANNAH, GA]

Dear Mr. Kay,

     Please find enclosed to be filed in your office, the original *Bench Brief* regarding the above referenced case. Please file stamp the enclosed copy and return in the self addressed stamped envelope at your convenience. Thank you for your assistance in this matter. If I can be any further assistance please feel free to contact my office.

                                                       Very truly yours,

                                                       John D. Staggs

ACKNOWLEDGED

JDS: rs
Enclosures