UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| In re:  DONNA S. VASQUEZ | * | |
| Debtor | * | Chapter 13 Case |
| | * | |
| M. ELANIA MASSEY | * | Number 07-50081 |
| | * | |

### DEBTOR'S ARGUMENT IN SUPPORT OF THE MOTION TO STOP
### THE INCOME DEDUCTION ORDER OF CHILD SUPPORT

#### FACTS

The Debtor filed a Chapter 13 Bankruptcy Petition on February 7, 2007. The Debtor's child support arrearage was included in the Plan. Additionally, the Plan provided that debts to child support should be paid pursuant to 11 USC 1322(a)(4). The Debtor filed a Proof of Claim for child support arrearage on April 11, 2007 in the amount of $21,000.00 as general unsecured. The Debtor's case was confirmed on June 26, 2007. The Trustee's Motion to Confirm identified the Child Support debt as general unsecured (AFDC debt). The Order confirming the Chapter 13 Plan was entered on July 20, 2007.

The Child Support Creditor did not object to the Proof of Claim for child support arrearage, nor did they object to the confirmation of the Plan.

At the hearing on the Motion to Stop the Income Deduction Order of Child Support, it was confirmed that the arrearage is TANF, a governmental debt. Further, the Debtor testified that during the time that her mother received governmental assistance, she was living in the home and assisting in support to the best of her ability.

## ARGUMENT

Under 11 U.S.C. 1327(a), the confirmation of the plan bound the Child Support creditor to the terms of the plan. Specifically, the Child Support creditor is bound by the provisions that the child support arrearage (TANF) is paid as a general unsecured claim by the Trustee. Therefore, the Child Support creditor must now suspend any further collection effort of pre-petition arrearage.

The Debtor's Chapter 13 Plan will not be feasible if Child Support is allowed to continue to deduct the arrearage directly from the Debtor's wages. All of the Debtor's disposable income for a five year period is dedicated to the plan. The child support arrearage is being paid inside the plan pursuant to section 1322(a)(4). The Debtor's other creditors will be prejudiced if the Child Support deduction is not stopped, the Debtor will be unable to continue with the plan payments.

The Debtor has **not** argued that Child Support's income deduction order violates the provisions of the automatic stay. The Child Support creditor did not have to file for relief from the stay to continue its income deduction order. In fact, the automatic stay provisions have protected the Child Support creditor in its continued collection efforts. This fact changed at the confirmation of the Debtor's case. The Child Support creditor is now bound by the terms of the confirmed Plan. Pursuant to 11 U.S.C. 105(a) the Court has the authority to stop Child Support's income deduction order. Furthermore, the Court has the authority to stop the deduction from the debtor's income, since all disposable income is paid into the plan for the benefit of the creditors.

The facts in this case warrant the Court directing Child Support to stop its collection efforts. The child support arrearage is TANF money and not due to a parent or custodian. The Debtor has no way to dispute the amount, nor does she have any way of showing that the funds went to the support of the children. The Debtor testified that she lived in the home with the children. She cared

for and supported her children to the best of her ability. Other creditors are being prejudiced by the Debtor's inability to keep a job and pay her debts, not just the governmental support. It appears that the Child Support governmental agency is coming close to violating 11 U.S.C. 525 by not stopping its income deduction order at confirmation when the debt is part of the plan.

The Debtor respectfully requests that she be allowed to complete her Chapter 13 Plan. In order to have this opportunity, the Debtor requests this Court to stop the income deduction order of child support.

This __21__ day of __August__ 2007.

_____
Clyde W. Royals
Attorney for Debtor
Georgia Bar Number 617690

612 Tebeau Street
Waycross, GA 31501
Telephone: 912-285-5011
Facsimile: 912-285-5026

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

In re:  DONNA S. VASQUEZ        *
        Debtor                  *   Chapter 13 Case
                                *
        M. ELANIA MASSEY        *   Number 07-50081

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing DEBTOR'S ARGUMENT IN SUPPORT OF THE MOTION TO STOP THE INCOME DEDUCTION ORDER OF CHILD SUPPORT upon:

**John Staggs**
**Special Assitant Attorney General**
**Child Support Services**
**215B Albany Avenue**
**Waycross, GA 31501**

**Thurbert Baker**
**Attorney General**
**40 Capitol Square SW**
**Atlanta, GA 30334-1300**

**M. Elaina Massey**
**Chapter 13 Trustee**
**P.O. Box 1717**
**Brunswick, Georgia 31521**

by mailing a copy of the same in a properly addressed envelope with sufficient postage to cover the same.

This the _21_ day of _August_, 2007.

_____
Clyde W. Royals
Attorney for Debtor
Ga. Bar No. 617690

612 Tebeau Street
Waycross, GA 31501
Telephone: 912-285-5011
Facsimile: 912-285-5026.