FILED
at 10 O'clock & 06 min A M
Date 8/28/2007

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | |
|---|---|
| IN RE: DONNA S. VASQUEZ ) <br> ) <br> Debtor ) <br> _____ ) <br> ) <br> DONNA S. VASQUEZ ) <br> ) <br> Movant ) <br> ) <br> vs. ) <br> ) <br> GEORGIA DEPARTMENT OF ) <br> HUMAN RESOURCES ) <br> OFFICE OF CHILD SUPPORT ) <br> SERVICES ) <br> ) <br> Creditor ) <br> ) <br> and ) <br> ) <br> M. ELAINA MASSEY ) <br> ) <br> Chapter 13 Trustee ) <br> ) <br> ) <br> Respondents ) | CHAPTER 13 CASE <br> NUMBER <u>07-50081</u> |

**MEMORANDUM OPINION AND ORDER**

This matter is before me on the Debtor's Motion to Stop the Income Deduction Order of Child Support. This proceeding is a

core proceeding under 28 U.S.C. § 157(b)(2)(O). At issue is whether the binding effect of confirmation prohibits the Georgia Department of Human Resources Office of Child Support Services ("Child Support Services") from maintaining an income deduction order for a domestic support obligation ("DSO") under an express exception to the automatic stay when the Debtor has filed a proof of claim classifying the debt as unsecured nonpriority and has provided for the debt as unsecured nonpriority in the Plan. I conclude for the reasons that follow that Child Support Services may maintain the income deduction order.

## Background

On February 2, 2007, the Debtor filed a chapter 13 petition that scheduled an unsecured debt for $21,000 to "Child Support Recovery" both on Schedule F as an unsecured nonpriority claim and on Schedule E as an unsecured claim with priority as a DSO.[1] On July 11, 2007, the Debtor filed a proof of claim

---

[1] The Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") defines a "domestic support obligation" in pertinent part as

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provisions of this title, that is--
> (A) owed to or recoverable by . . .
> (ii) a governmental unit;

("Claim") for an unsecured nonpriority claim on behalf of "Child Support Recovery" in the amount of $21,000. Child Support Services did not object to the Debtor's Plan or object to or seek reconsideration of the Claim, and the Debtor's Plan was confirmed on July 20, 2007.

The Plan included the following non-standard provision: "Debts to Child Support Enforcement, if any, should be paid the same dividend as the other unsecured creditors pursuant to 11 USC 1322(a)(4)." General unsecured creditors would receive a zero percent dividend under the Plan. In addition, the Debtor included "child support" among undersecured allowed claims, designating valuation, total interest, interest rate, interest payment per month, and principle payment per month all at zero.

Notwithstanding the Claim filed by the Debtor and the provisions in the Plan, Child Support Services continued to withhold a portion of the Debtor's paycheck through an

---

> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of . . .
>> (ii) an order of a court of record; or
>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit . . . .

11 U.S.C. § 101(14A).

administrative order entered under O.C.G.A. § 19-6-32, which authorizes income deduction orders for collection of child support. On June 26, 2007, the Debtor filed her Motion, which was heard on July 24, 2007.

### Discussion

Resolution of the Motion requires that I decide whether the binding effect of confirmation as set out in one section of the Bankruptcy Code takes precedence over an exception to the automatic stay for collection of a DSO as set out in another section of the Bankruptcy Code. The Debtor asserts that Child Support Services may not maintain the income deduction order post-confirmation, because Child Support Services is bound by the provisions of the confirmed Plan under § 1327(a).[2] The Debtor in addition relies on § 1327(c), which provides that a creditor whose claim is provided for by the plan has no claim or interest in property of the estate that re-vests in the Debtor at confirmation.[3] Child Support Services responds that it may

---

[2] 11 U.S.C. § 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

[3] 11 U.S.C. § 1327(c) provides that "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of

maintain the income deduction order under § 362(b)(2)(C), which provides an exception to the automatic stay for payment of a DSO under an administrative order.[4]

The binding effect of confirmation extends to "any issue necessarily determined by the confirmation order." 8 Collier on Bankruptcy, ¶ 1327.02[1][c] at 1327-6 (15th rev. ed. 2006). Section 1327(a) thus appears broad enough to restrict the collection rights of Child Support Services to the Debtor's treatment of the Claim under the Plan. Similarly, § 1327(c) also appears to prohibit collection of the DSO except through the Plan.

However, Child Support Services is correct that § 362(b)(2)(C) specifically excepts from the automatic stay the

---

any creditor provided for by the plan." Subsection (b) of § 1327 provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." In the 11th Circuit, the property that re-vests in the debtor at confirmation is that which is not necessary to the fulfillment of the plan. See Telfair v. First Union Mortgage Corp., 216 F.3d 1333 (11th Cir. 2000).

[4] 11 U.S.C. § 362(b)(2)(C) as amended by BAPCPA provides in pertinent part that

> [t]he filing of a [bankruptcy petition] does not operate as a stay . . .
> (2) under subsection (a) . . .
> (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute . . . .

withholding of income, whether property of the estate or property of the debtor, for collection of a DSO through an administrative order. It is undisputed that the income deduction order at issue is an administrative order and that the debt is a DSO.

"[T]he underpinning of the stay exception is that the obligation is nondischargeable and that the claimant will be entitled to assert the claim at some point anyway." 3 Collier on Bankruptcy, ¶ 362.05[2] at 362-52 to -52.1. Accordingly, Congress specifically excepted DSOs not only from the automatic stay, but also from discharge under §§ 523(a)(5) and 1328.[5]

In a case decided under an earlier version of the Bankruptcy Code that did not give priority to child support

---

[5] 11 U.S.C. § 523(a)(5) as amended by BAPCPA provides in pertinent part that "[a] discharge under section . . . 1328(b) if this title does not discharge an individual debtor from any debt for a domestic support obligation."

11 U.S.C. § 1328(a)(2) as amended by BAPCPA provides in pertinent part that

> as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid . . . the court shall grant the debtor a discharge of all debts provided for by the plan . . . except any debt of the kind specified in . . . paragraph . . . (5) . . . of section 523(a).

11 U.S.C. § 1328(b)(c)(2) as amended by BAPCPA provides in pertinent part that "[a] discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan . . . except any debt of a kind specified in section 523(a) of this title."

claims, the court concluded that when read together, §§ 362(b)(2), 1328(a)(2), and 523(a)(5) manifested a Congressional intent to except child support obligations from the reach of § 1327 and therefore from the effects of a chapter 13 plan. Pacana v. Pacana-Siler (In re Pacana), 125 B.R. 19, 22 (B.A.P. 9th Cir. 1991). The case before me is analogous to Pacana in that the Plan provided for the DSO as an unsecured nonpriority claim instead of as an unsecured priority claim as required under the current version of the Bankruptcy Code. I agree with the reasoning in Pacana and further note that the BAPCPA amendments appear to manifest a strengthened Congressional resolve that chapter 13 not provide "a safe harbor from the pursuit of [child] support debts." Id. n.4.

## Conclusion

Child Support Services thus is not bound under § 1327 by the provisions of the Plan and consequently may maintain the income deduction order for the DSO as provided under § 362(b)(2)(C). However, I limit this holding to the facts of the case before me, where the Debtor's proof of claim classified the DSO as an unsecured nonpriority claim and where the Plan did not provide for any payment. I do not reach the issue of whether §

AO 72A
(Rev. 8/82)

7

1327 binds a DSO creditor under the plan when the proof of claim classifies the DSO as an unsecured priority claim under § 507(a)(1) and the claim is treated as such under the plan. Cf. In re Gellington, 363 B.R. 497 (Bankr. N.D. Tex. 2007) (holding that the State could not garnish the debtor's wages for a pre-petition child support arrearage, but instead was bound by a confirmed plan that provided for monthly payments on the debt).

IT IS THEREFORE ORDERED that the Motion to Stop the Income Deduction Order of Child Support is DENIED.

_____
John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This 23rd day of August, 2007